## S. B. JOHNSTON *v.* STANDARD OIL CO.

1. SALE. *Possession retained. Executory agreement. No title passes.*

    Where one executes to a creditor a bill of sale for a horse, the instrument not being recorded, and the debtor retains possession under an agreement that he is to sell the horse when and upon such terms as he may, and account to the creditor for the proceeds, which are to be applied in payment of his debt, there is no valid sale, and the horse remains his property and subject to execution in favor of other creditors.

2. CLAIMANT'S ISSUE. *Judgment. Value at time of trial.*

    Judgment in favor of a successful plaintiff in a claimant's issue should be for the value of the property at the time of *trial*, not at the time it was received by the claimant. *Selser* v. *Ferriday*, 13 Smed. & M., 698.

3. SAME.   *Recovery in excess of original judgment.*

> The recovery of a successful plaintiff in a claimant's issue is not invalid because it exceeds the amount of the original judgment, with interest and costs.   Payment of such amount will be satisfaction, and the court, on motion, will protect the claimant as against any excess.

FROM the circuit court of Lowndes county.

HON. LOCK E. HOUSTON, Judge, presided at the first trial, and HON. NEWNAN CAYCE at the last.

Claimant's issue between appellee, the Standard Oil Company, and S. B. Johnston, to try the title to a horse levied on under an execution in favor of said company against one Brown.   Appellee had a judgment in the justice court against said Brown, rendered July 9, 1891, for $161.75.   Under execution issued on this judgment, the horse in controversy was levied upon, and on October 30, 1891, appellant, S. B. Johnston, interposed a claim for the horse, which was delivered to him upon his executing bond.   There was a trial of the claimant's issue in the justice court, resulting in a judgment in favor of plaintiff.   The claimant appealed to the circuit court, where the case was tried anew, and the plaintiff again prevailed.   In the judgment, the value of the horse was fixed at $200, and the claimant was required to restore the horse or pay said sum and all costs.   On motion of the claimant, this judgment was set aside, and a new trial granted.   Plaintiff excepted to the action of the court in granting a new trial, and embodied the evidence and instructions in a bill of exceptions.

On May 24, 1893, there was another trial, when the court gave the following instruction : " Under the evidence in this cause, the jury are instructed to find for the plaintiff, and assess the value of the horse in controversy (as shown by the proof) at the time of the conversion, and interest at six per cent. from date of this controversy."   Thereupon, the jury found for plaintiff, assessing the value of the horse at $160, allowing interest at six per cent. from the time of conversion, making a total of $175.06, for which amount judg-

ment was entered. The claimant made a motion for a new trial, which was overruled, and thereupon he prosecuted this appeal, and plaintiff prosecuted a cross-appeal, asking that the first judgment be re-instated.

The evidence introduced on the two trials was the same. The testimony in favor of plaintiff tended to show that the horse belonged to Brown, the execution debtor; that it was kept at a livery-stable by him, and that he paid the bills for the feed, and used the horse as his own, and that it was assessed to him for taxation. The testimony for the claimant showed that Brown was indebted to him in a considerable sum of money, evidenced by note, and that when a firm of which Brown was a member failed in business, he obtained from Brown an absolute bill of sale for the horse, which was not acknowledged or recorded, and which was subsequently lost; that it was understood and agreed at the time the bill of sale was given, that Brown should retain possession of the horse, and should pay the expenses of keeping him, and that he was to sell the horse, and, after deducting any expenses of the sale, the proceeds were to be paid to the claimant, who was to apply the same as a credit on the note. The opinion contains a further statement of the case.

*William Baldwin,* for appellant.

1. The action of the court in giving the peremptory instruction was erroneous. A question of fact was involved, which should have been submitted to the jury.

The sale of the horse to claimant was upon a sufficient consideration. A sale is not invalid because it does not fix a price, if it furnishes a criterion for determining the same. Newmark on Sales, 61; Berry on Sales, § 89; 2 Sumner, 538; 34 N. H., 304.

The testimony of Johnston as to the agreement of sale is undisputed. The agreement was that Brown should keep and use the horse, paying his board, and, when sold, the ex-

penses of sale were to be deducted and the balance paid to Johnston.

2. The value of the property at the time of the *trial* governs as to the liability of the claimant.    *Selser* v. *Ferriday*, 13 Smed. & M., 698.    The plaintiff had no title or right to the property up to the time of trial.    If one interpose a claim for fraudulent purposes, or for delay, he is punished by being taxed with ten per cent. damages.    Code 1892, § 4430.

*Humphries & Sykes*, for appellee.

1. The peremptory instruction given on the second trial was correct.    Plaintiff was entitled to recover.    The claimant had not complied with the statute of frauds.    Code 1880, § 1393.    The bill of sale was not given for a valuable consideration, and was not recorded.    In view of the testimony of the claimant himself, there is nothing to show a valid sale of the horse so as to defeat the rights of creditors of the defendant.    As to the validity of the sale, we refer to the following authorities:  Bump on Fraud. Con., p. 400;  26 Miss., 275;  50 *Ib.*, 310, 551;  59 *Ib.*, 76;  65 *Ib.*, 161, 171.

2. The first verdict was right, and the judgment thereon should be re-instated.

The claimant had possession of the horse from October 31, 1891, to the time of trial.    We submit that the measure of recovery should be the value of the horse at the time it was delivered to claimant, with interest up to the time of trial. If the principles announced in the case of *George* v. *Hewlett*, 70 Miss., 1, and *Lumber Co.* v. *McPherson*, *Ib.*, 649, are made to apply to claimant's issues, then much of delay incident to trial in such cases would be prevented.

3. In any event, we insist that the first verdict be re-established, and that this court enter the proper judgment, preventing any further litigation in the case.

WOODS, J., delivered the opinion of the court.

All the evidence in the case shows quite satisfactorily that

Brown, the execution debtor, made no sale of the horse to the appellee, and the execution of what the appellee in his evidence calls a bill of sale, does not make that a sale which clearly was not. The agreement as to the horse between the claimant and the execution debtor was only an executory undertaking by Brown to sell the horse, when and where and as he would, and apply the proceeds to the payment of his debt to appellee. If he never sold, there could be no application. If the horse had died before sale, the loss must certainly have been Brown's. Appellant was no way interested until the horse was sold, and then he had an agreement with Brown by which he was to have the purchase-money of the horse and credit Brown with that sum. The horse remained in Brown's possession with the right to use him, and to sell him, as we have said, when and where and as he wished. These facts show there was no sale, no legal sale, and the appellee should have prevailed in the trial below.

We are constrained, however, to reverse the judgment appealed from, because of error complained of in the instructions given for appellee. It has long been held by this court that, in a suit of this character, the value of the property at the time of trial, with interest from that date, is the measure of the plaintiff's recovery, if successful, and not the value at any prior time. *Selser* v. *Ferriday*, 13 Smed. & M., 698. The rule announced in *George* v. *Hewlett*, and re-affirmed in *Acme Lumber Co.* v. *McPherson*, both in 70 Miss., is inapplicable on the trial of a claimant's issue, for the obvious reason that in a controversy of the character involved in that issue there is no wrongful taking or withholding of the property from the owner by the claimant. The property is not that of the execution creditor, but is or is not that of his debtor, and its real status can only be determined by a trial of a claimant's issue. It is true that vexatious delay may occur, and the value of the property may be depreciated, but that is only an ordinary incident to many phases of litigation.

We will re-instate, however, the first verdict, as the ap-

71 Miss.—26

pellant is entitled to that. The verdict is for an amount greater than the judgment debt, and the judgment on this verdict is for the like excessive amount; but this is formal, and the satisfaction of the amount, principal and interest, of appellee's judgment against Brown, the judgment debtor of the oil company, will discharge the re-instated judgment. If the appellee should undertake to exact more than the amount of its demand against Brown, under the judgment against him, a motion in the court from which the execution issues will readily protect the appellant.

*The judgment appealed from will be reversed, and the first verdict re-instated, and judgment entered here on the same.*